Jason R. Naess
PARSONS, SMITH, STONE,
LOVELAND & SHIRLEY, LLP
137 West 13th Street
P.O. Box 910
Burley, Idaho  83318
(208) 878-8382
(208) 878-0146 – fax
jason@pmt.org
Idaho State Bar #8407
*Attorneys for Gary L. Rainsdon, Trustee*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>HATHAWAY HOMES GOUP, LLC,<br><br>Debtors. | Case No. 17-40992-JMM<br><br>Chapter 7 |
| GARY L. RAINSDON, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF DRIGGS, a municipal corporation of the state of Idaho,<br><br>Defendant. | Adv. Proceeding No. 19-8050-JMM |

**REQUEST FOR CLERK'S ENTRY OF DEFAULT JUDGMENT**

COMES NOW, Plaintiff Gary L. Rainsdon ("Trustee"), the chapter 7 trustee in Bankruptcy No. 17-40992-JMM and Plaintiff in the above-captioned case, by and through counsel, and pursuant to Fed. R. Civ. P. 55(b)(1), incorporated into Rule 7055, requests entry by the Clerk of a Default Judgment against Defendant.  This Request is based on the following:

1. The Plaintiff filed this adversary proceeding against Defendant on November 8, 2019.

2. The time for filing an answer under Rule 7012, passed and, on March 18, 2020, the Clerk has entered a default in this adversary proceeding due to Defendant's not appearing in this case.  *See* Dkt. Nos. 7, 8.

REQUEST FOR CLERK'S ENTRY OF DEFAULT JUDGMENT                                                            1

3. Defendant is not a minor and is not an incompetent person.

4. Plaintiff's claim is for a sum that can be made certain by computation. Concurrently with the filing of this Motion, Plaintiff is submitting an affidavit showing the amount due.

5. As plead in the Complaint, Plaintiff seeks to avoid $6,843.00 in pre-petition transfers made by HHG to Defendant.

6. Plaintiff seeks the inclusion of prejudgment interest in the default judgment in order to restore the Debtor to the financial condition it would have enjoyed if the transfers sought in this adversary case had not occurred. *See* § 550; *In re JTS Corp.*, 617 F.3d 1102, 1111-12 (9th Cir. 2010) (citing *In re Acequia, Inc.*, 34 F.3d 800, 812 (9th Cir. 1994) and *Collier on Bankruptcy* § 550.02[3][a] at 550-10) ("The purpose of § 550 is to restore the estate to the financial condition it would have enjoyed if the transfer had not occurred. The primary goal is equity and restoration, i.e., 'putting the estate back where it would have been but for the transfer.'").

7. Prejudgment interest should be calculated from at least the date of the last transfer sought to be avoided under the adversary proceeding, October 31, 2017, through the date of the default judgment, at a rate of twelve percent (12%) per annum. Idaho Code § 28-22-104; *In re Acequia*, 34 F.3d at 811, 818-19. Pre-judgment interest amounts to $1,975.28.

WHEREFORE, Plaintiff is hereby requesting the Clerk enter a Default Judgment in the above-captioned case, pursuant to Fed. R. Civ. P. 55(b)(1), in the amount of $8,818.28.

DATED March 26, 2020.

PARSONS, SMITH, STONE, LOVELAND & SHIRLEY, LLP

_/s/ Jason R. Naess_
Jason R. Naess
Attorneys for Plaintiff

REQUEST FOR CLERK'S ENTRY OF DEFAULT JUDGMENT                    2